**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **DEMETRIUS MILES,**<br>**aka DEMICKES MILES,**<br>**aka DEMETRIES MILES,**[1] | : | |
| **Petitioner,** | : | |
| **VS.** | : | **NO. 4:26-cv-01071-CDL-CHW** |
| **CENTRAL STATE PRISON,** | : | |
| **Respondent.** | : | **PROCEEDINGS UNDER 28 U.S.C. § 2254**<br>**BEFORE THE U.S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Petitioner Demetrius Antonio Miles, a prisoner in Central State Prison in Macon, Georgia filed a pleading that has been docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner filed this action in the Southern District of Georgia, and it has been transferred to this Court. ECF Nos. 3, 4. Petitioner appears to challenge his 2026 conviction for a probation violation in the Superior Court of Muscogee County. ECF No. 1 at 2. In drafting his complaint, however, Plaintiff used a form reserved for federal prisoners challenging federal convictions.

Petitioner must now complete the proper enclosed § 2254 form for state prisoners in full, including all information regarding how and when he exhausted state remedies

---

[1] Plaintiff identifies himself by several names including Demetries Antonio Miles, Demetrius Miles, and Demickes Antonio Miles. ECF No. 1 at 1; ECF No. 2 at 1, 5. The Georgia Department of Corrections has him incarcerated under the name Demetrius Miles. *See* Georgia Department of Corrections Website, Find an Offender, https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/D9DW-CSU3 ] (last visited August 6, 2026).

through appeals or petitions in the superior and state appellate courts. Currently Petitioner states he has only filed civil actions challenging his incarceration in the district court, and he does not show he has filed any appeals or petitions in the state superior courts, the Georgia Court of Appeals, or the Georgia Supreme Court. *See* ECF No. 1. Petitioner is advised that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). To properly exhaust state remedies, a petitioner must present every claim raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).). If a petitioner has not challenged his conviction in the state courts, then any habeas petition in the district court is subject to dismissal for failure to exhaust state remedies. *See* Rules Governing § 2254 Cases, R. 4; *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–55 (11th Cir. 2020).

Petitioner also improperly used a form reserved for appeals to the Eleventh Circuit Court of Appeals in his request to proceed *in forma pauperis*, and he did not submit a certified prison account statement. *See* ECF No. 2. Petitioner must either pay the $5.00 filing fee or file an application requesting leave to proceed *in forma pauperis* on the Court's standard form for § 2254 petitions. Petitioner's request to proceed *in forma pauperis* must include "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]." Habeas Corpus R. 3(a)(2).

In conclusion, Petitioner is **ORDERED** to complete **IN FULL** the attached § 2254 form. He is also **ORDERED** to either pay the $5.00 filing fee or file an application requesting leave to proceed *in forma pauperis* on the Court's standard form which must include the required affidavit and a certificate signed by a corrections official that shows the amount of money or securities that he has in any account in the prison. Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply and his failure to do so may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward the appropriate § 2254 petition and *in forma pauperis* forms (all showing this civil action number) to Petitioner along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 10th day of August, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge