**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**__COLUMBUS DIVISION**

| | | |
|---|---|---|
| **DEMETRIUS MILES,<br>aka DEMICKES MILES,<br>aka DEMETRIES MILES,[1]** | : | |
| **Petitioner,** | : | |
| **VS.** | : | |
| | : | **NO. 4:26-cv-01071-CDL-CHW** |
| **CENTRAL STATE PRISON,** | : | |
| **Respondent.** | : | **PROCEEDINGS UNDER 28 U.S.C. § 2254<br>BEFORE THE U.S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION

*Pro se* Petitioner Demetrius Antonio Miles, a prisoner in Central State Prison in Macon, Georgia filed an Application for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. On August 10, 2026, Petitioner was ordered to recast his complaint. ECF No. 6. Petitioner has filed his recast complaint (ECF No. 10), and it is now the operative pleading in this civil action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading). Petitioner challenges his March 25, 2026, conviction for Violation of Probation from the Superior Court of Muscogee

[1] Plaintiff identifies himself by several names including Demetries Antonio Miles, Demetrius Miles, and Demickes Antonio Miles. ECF No. 1 at 1; ECF No. 2 at 1, 5; ECF No. 10 at 1. The Georgia Department of Corrections has him incarcerated under the name Demetrius Miles. *See* Georgia Department of Corrections Website, Find an Offender, https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/D9DW-CSU3 ] (last visited November 3, 2026).

County. ECF No. 10 at 1. Petitioner's motions to proceed *in forma pauperis* (ECF No. 2, 9, 11) are **GRANTED**. It is **RECOMMENDED** that Petitioner's habeas petition be **DISMISSED WITHOUT PREJUDICE** because he has not exhausted available state remedies. It is also **RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed *in forma pauperis* on appeal be **DENIED**.

## I. SCREENING

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases, R. 4.

A state prisoner cannot petition for federal habeas relief without first exhausting his state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies, a state prisoner must first present his claims to the state courts through one complete round of the state's appellate review process, either on direct appeal or in state post-conviction proceedings. *Boerckel*, 526 U.S. at 845.

Failure to exhaust state remedies is a valid reason for dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–55 (11th Cir. 2020). Although the exhaustion requirement is not jurisdictional, the Court can still *sua sponte* dismiss a §2254 petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its

decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Id*. at 653 (allowing *sua sponte* dismissal based on untimeliness because Report and Recommendation provided notice and opportunity to respond to both petitioner and respondent); *see also Fletcher v. Oliver*, No. 1:20-00347-KD-N, 2020 WL 5100631, at *2 n.4 (S.D. Ala. July 21, 2020), *report and recommendation adopted*, 2020 WL 5099937 (S.D. Ala. Aug. 28, 2020) (stating that "[t]he undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted").

In this case, Petitioner was convicted just four months prior to filing his federal habeas petition. ECF No. 10 at 1. When asked on the standard form about whether he had appealed his judgment of conviction, Plaintiff lists only this federal habeas case. *Id*. at 2. When asked on the form about whether he has filed any petitions, applications, motions, or appeals challenging his conviction and/or sentence in any state court, Petitioner again lists only federal civil actions filed in the United States District Court. *Id*. at 3, 4. Nowhere in Petitioner's complaint does he list any motion to withdraw his guilty plea, habeas petition, or appeal that he has filed in any state superior court or state appellate court. Thus, it "plainly appears" on the face of the petition that Petitioner has not exhausted available state remedies. Rules Governing § 2254 Cases, R. 4.

Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

## II. COA AND *IN FORMA PAUPERIS* ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for

writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," such as in this case, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner has not made these showings. Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed *in forma pauperis* on appeal be **DENIED**.

## III. CONCLUSION

It is **ORDERED** Petitioner's motions to proceed *in forma pauperis* (ECF No. 2, 9, 11) are **GRANTED**. It is **RECOMMENDED** that Petitioner's § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies and that any COA and motion to proceed *in forma pauperis* on appeal be **DENIED**.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk is **DIRECTED** "to notify the [P]etitioner" of this ruling by mailing him a copy of this Order and Recommendation of Dismissal. Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, the Clerk is **DIRECTED** to serve a copy of the Petition, ECF No. 1, and this Order and Recommendation of Dismissal on the Attorney General and Respondent electronically through CM/ECF and they may, **but are not required to**, respond to the Order and Recommendation of Dismissal.

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. Any objection is limited in length to **TWENTY (20) PAGES**. See M.D. Ga. L.R. 7.4. Any party may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal

conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 5th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge